*Court of Common Pleas, Lebanon County, November 3d,* 1862.

### THE PARKER MILLS *v.* KRAUSE ET AL.

A record of another State of a judgment for costs is within the rule of court
requiring an affidavit of defence. The party in such a suit is entitled to
recover these costs, even though they are actually due to the officers of the
court and the arbitrator. The fact that the charges are very high, is no
defence.

BY THE COURT.—The suit in this case is founded on the
record of a judgment entered in favor of the then defendant, now
plaintiff, in the Supreme Court for the City of New York, for the
costs of a suit brought against it, and in which the then plaintiffs
were nonsuited, and judgment entered in its favor for $334.05,
costs of suit.    The record is regularly certified according to the
act of Congress, imports absolute verity, and to it full faith and
credit must be given.    No inquiry can be made into its validity.
A copy of the entire record was filed with the narr; and the first
question is, does the case come within our rule of court, requiring
an affidavit of defence?    This is certainly a suit upon a "record"
within the words of the rule, and it is decided in Faber *v.* Mc-
Cleary (6 Barr, 476), to come within the provision of a law, of
which our rule is a transcript.    That case was doubted, denied to
be law, and frittered away by the District Court of Philadelphia,
but has since been vindicated and re-established in Hogg *v.* Charl-
ton (1 Casey, 200), and in another case during the present year,
reported in the *Legal Intelligencer,* so that the point must be
taken to be settled.    It is further complained, that the present
plaintiff seeks to recover costs not coming to him, but to the offi-
cers of the court and the arbitrator.    The complaint is without
foundation, as the judgment is entered in the usual form as known
to the common law, and the laws of our own State.    The defend-
ant, in that case, stands as a trustee for the officers and others;
and in Pennsylvania, the courts would see that the money, when
collected, was paid out to the proper parties.    Lastly, we are told
that the charges are most extravagant and improper, and must be
illegal.    That they appear to us in this State to be extravagant and
improper, is very true; but that they are contrary to the laws of
New York, we do not believe.    The bill appears to have been
regularly taxed, afterwards reduced, and judgment finally entered
for the balance as settled.    It has always been the policy of that
State to establish a system of judicial plunder, and those who are
so unfortunate as to come into her courts, whether as plaintiffs
or defendants, cannot complain if robbed according to law.    It
is what they may naturally expect when they seek redress through
her judicial tribunals.

[Rank *v.* Wenger.]

The motion to set aside the judgment in this case is refused; it appears to have been regularly entered.

*Ulrich, for plaintiff.*

*Kline, for defendant.*